# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

TERRANCE TOLES,        )
       )
       Plaintiff,        )
       )
       v.        )        Case No. CIV-17-150-D
       )
OKLAHOMA DEPARTMENT        )
OF CORRECTIONS, et al.,        )
       )
       Defendants.        )

## ORDER

Plaintiff, a state prisoner appearing pro se, brings the present action against the Oklahoma Department of Corrections ("ODOC") and several employees at the Northeastern Oklahoma Correctional Center,[1] alleging various constitutional violations related to his incarceration. The matter was referred to United States Magistrate Judge Shon T. Erwin for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C) and Rule 72(b), Federal Rules of Civil Procedure. On March 28, 2017, Judge Erwin issued his Report and Recommendation ("R&R" or "Report") [Doc. No. 4] in which he recommended that the Court: (1) dismiss, without prejudice, Plaintiff's claims against ODOC and the official capacity claims against Defendants Crockett, Bagby, Kays, Somers and Redman; (2) dismiss, with

---

[1] The individual employees are Beth Crockett, Case Manager; Christine Bagby, Case Manager; Connie Kays, Unit Manager; John Somers, Deputy Warden; and Rodney Redman, Warden.

prejudice, the individual capacity claims against Defendants Crockett and Bagby in Count One and the individual capacity claims against Defendants Crockett, Bagby, and Kays in Count Two alleging harassment, (3) dismiss, without prejudice, the individual capacity claims against Defendants Crockett, Bagby and Kays in Count Two alleging retaliation, and (4) conclude that Plaintiff has stated a valid Due Process claim based on the allegations in Count Three against Defendants Crockett, Bagby, Kays, Somers, and Redman in their individual capacities. *See* R&R at 18.

The Court construes Plaintiff's objection as a motion to amend in that Plaintiff does not necessarily object to the R&R, but rather seeks leave to amend his Complaint to address the issues raised in the Report. *See* Pl.'s Partial Obj. to the Magistrate's Report and Recommendation at 3 [Doc. No. 5] ("Plaintiff now brings his timely partial Objection, to the effect that he will ask of the Court to allow him leave to AMEND his Complaint …. That while preparing and drafting a 1983 Complaint before this Federal Forum, [Plaintiff] will also attempt to shed some clarity on his Constitutional provisions he believes applies to his substantive claims as presented therein.") (emphasis in original).[2]

As Plaintiff has no substantive objection to the R&R, the Court finds the recommended disposition of his action should be accepted. *See* Fed. R. Civ. P.

_____

[2] Because Plaintiff is proceeding pro se, the Court construes his filings liberally, but will not act as his advocate in constructing his arguments and searching the record. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

72(b)(3)("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). Accordingly, the Report and Recommendation [Doc. No. 4] is **ACCEPTED** and **ADOPTED** as though fully set forth herein. Plaintiff's motion to amend, Motion to Appoint Counsel [Doc. No. 6], Motion for Leave to Proceed In Forma Pauperis [Doc. No. 7], and any other non-dispositive matter, are re-referred to Judge Erwin for further proceedings consistent with the original order of referral [Doc. No. 2].

     **IT IS SO ORDERED** this **10th** day of May 2017.


TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE